**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JASON L. WALTON** | : | **CIVIL ACTION NO. 16-cv-275** |
| **DOC #477576** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN JERRY GOODWIN** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by petitioner Jason L. Walton ("Walton"). Walton is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

The pleadings and exhibits tendered by Walton with his original *habeas* petition were insufficient to establish whether the petition should survive initial review; accordingly, we ordered him to amend his petition to provide the documentation needed to establish, among other things, the dates on which he filed pleadings on post-conviction review and the date that he was transferred from Louisiana State Penitentiary ("LSP") to DWCC. Doc. 5. Walton responded [doc. 6] to the amend order providing some of the requested information and documentation. The new documentation was incorporated into the court's chronology of events relevant to this matter.

- 1 -

Following a jury trial in the Fourteenth Judicial District Court in Calcasieu Parish, Walton was found guilty of second degree murder. Doc. 1, p. 1. He was sentenced on December 6, 2010, to life imprisonment. Doc. 1, att. 2, p. 8. In February 2011 Walton's attorney filed a motion for new trial or alternatively motion and order for appeal [doc. 1, att. 3, pp. 5 – 9] which was denied by the trial court the same month. *Id.* at p. 3.

On September 27, 2011, Walton, via counsel, appealed his sentence and conviction to Third Circuit Court of Appeal. *Id.* at pp. 14 – 35. Plaintiff brought the following claims for relief: (1) that the trial court erred in allowing the state to introduce a hearsay video statement to police into evidence in lieu of a witness' testimony; and (2) ineffective assistance of trial counsel in failing to object to the state's introduction of evidence regarding Walton's prior criminal convictions. *Id.* at p. 19. On April 4, 2012, the appellate court affirmed his conviction and sentence. *Id.* at pp. 36 – 46.

Walton sought review with the Louisiana Supreme Court but does not provide the date that he filed. The Louisiana Supreme Court denied relief on October 26, 2012. *Id.* at p. 47. Walton did not seek further review in the United States Supreme Court. Doc. 1, p. 4.

Walton filed an application for post-conviction relief in the Fourteenth Judicial District Court on October 14, 2013, arguing: (1) violation of his Sixth and Fourteenth Amendment rights due to the state's allowance of Detective McCullough's false testimony; (2) violation of his Sixth and Fourteenth Amendment rights due to the state's allowance of witness Brian Robinson's false testimony; (3) violation of his Sixth and Fourteenth Amendment rights due to a mistaken, unreliable and/or suggestive identification; and (4) ineffective assistance of counsel in failing to file a motion to suppress identification and/or failure to adequately cross examine and/or impeach the identifying witnesses at trial. Doc. 1, att. 3, pp. 48 – 96. The Fourteenth Judicial District Court

- 2 -

denied his application for post-conviction relief ("PCR") on April 21, 2014; however, the notice was not mailed until June 9, 2014. *Id.* at p. 97 – 98. On June 13, 2014, Walton filed a notice of intent to seek writ of review. *Id.* at pp. 99 – 100.

Walton appealed the Fourteenth Judicial District Court's denial of his PCR to the Third Circuit Court of Appeal on July 2, 2014. Doc. 1, p. 5. Walton was transferred from LSP to DWCC on July 28, 2014. Doc. 6, att. 1, p. 3. The Third Circuit denied his PCR on December 17, 2014. Doc. 1, att. 3, p. 106. The Third Circuit's judgment was mailed to Walton at LSP on that date, received by on December 19, 2014, but was returned to sender on December 24, 2014, with the notation "refused/unable to forward." Doc. 6, att. 1, p. 5. It appears that the Third Circuit received the returned judgment on December 29, 2014. *Id.* Documentation provided by Walton shows that the Third Circuit mailed another document to him at LSP on December 29, 2014, but, as with the prior correspondence, this mail was also stamped with the notation "return to sender/refused/unable to forward." Doc. 6, att. 1, p. 6. However, DWCC's address was hand-written on the envelope. *Id.*

In response to this court's amend order seeking the date that he received the Third Circuit's December 17, 2014, judgment, Walton produced the mail log from DWCC which shows that he received legal mail, presumably the judgment, from the Third Circuit on January 7, 2015. Doc. 6, att. 1, p. 4. Walton requested the withdrawal of funds from his prisoner account on January 12, 2015, in order to mail a letter to the Louisiana Supreme Court. Doc. 6, att. 1, p. 1. He did the same on January 30, 2015, that time requesting funds to mail a "large legal envelope." *Id.* at p. 2. Walton produced the withdrawal logs in response to this court's amend order requesting documentation establishing the date on which he filed writs in the Louisiana Supreme Court.

On December 7, 2015, the Louisiana Supreme Court found that, pursuant to Louisiana Supreme Court Rule X § 5, Walton's writ was untimely filed and not subject to consideration. Doc. 1, att. 3, p. 107.  On December 14, 2015, Walton filed a motion for reconsideration of the Louisiana Supreme Court's December 7, 2015 ruling, arguing that his transfer from LSP to DWCC caused a delay in his receipt of legal mail from the Third Circuit.  *Id.* at 109.  The Louisiana Supreme Court denied relief on February 5, 2016.  *Id.* at 112.

On February 26, 2016, Walton filed the instant application for writ of *habeas corpus* with this court, asserting the same claims that he raised on post-conviction relief.  Doc. 1, pp. 2 – 3.

## II.
### LAW AND ANALYSIS

### A. *Limitations Period*

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court.  This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction relief or other collateral review . . . is pending in state court shall not be counted toward any period of limitation under this section."  *See also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999).  However, the time between the date that the conviction becomes final and the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.  *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

### 1. *Finality of Judgment*

Walton's judgment of conviction became final on or about January 26, 2013, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). Since his judgment of conviction became final for AEDPA purposes, he had one year, or until January 26, 2014, to file his federal *habeas corpus* suit.

### 2. *Statutory Tolling*

Section 2244(d)(2) provides that the period during which a properly filed state *habeas* application is pending must be excluded when calculating the one-year period. Walton filed an application for post-conviction relief in the Fourteenth Judicial District Court on October 14, 2013, allowing more than eight months to go un-tolled. Nevertheless, he was able to toll limitations for the duration of the post-conviction proceedings **but only if** he sought supervisory review in a timely manner. That point is of crucial importance here as Walton's related writ application was untimely filed with the Louisiana Supreme Court.

Specifically, in the state post-conviction proceedings, the Louisiana Third Circuit Court of Appeals denied relief on December 17, 2014. Thereafter, Walton had thirty days, or until January 16, 2015, to challenge that judgment by filing a writ application with the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a). However, it appears that his application was filed on or about January 30, 2015, fourteen days after the deadline expired, and it was therefore untimely. In other words, his state post-conviction application ceased to be properly filed, and thus pending so as to toll limitations pursuant to Section 2244(d)(2), when he failed to timely seek

further collateral review in the Supreme Court following the Third Circuit's judgment denying writs.

On December 7, 2015, the Louisiana Supreme Court specifically ruled that pursuant to Louisiana Supreme Court Rule X § 5, Walton's writ was untimely filed and not subject to consideration. The United States Supreme Court has held that when, as here, the state courts have denied an application as untimely under state law, such an application cannot be considered to have been "properly filed," and, therefore, cannot toll the federal limitations period. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)).")

Having failed to submit his application for writs to the Louisiana Supreme Court within the thirty day period specified by that court's Rule X, § 5(a), Walton's state post-conviction proceeding ceased to be properly filed and pending on either December 17, 2014 (the date of the Third Circuit's judgment) or January 16, 2015 (the date that the Rule X deadline expired). *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (Petitioner's application for post-conviction relief in Louisiana courts ceased to be properly filed for purposes of tolling the limitations period for filing federal habeas petition when petitioner failed to file his application for supervisory writ of review from denial of post-conviction relief with Louisiana Supreme Court within thirty day period allowed by state court rule, as state court rule contained no exceptions or exclusions to time requirement and prohibited any extensions to thirty day period). Further, as in *Williams*, this court need not decide whether the application in the Louisiana courts ceased to be pending when the intermediate appellate court denied Walton's application for a supervisory writ or thirty days later, when his time for filing an application for a supervisory writ with the Louisiana Supreme Court expired under Rule X, § 5(a).

Under either calculation, this petition is time-barred under the provisions of the AEDPA. As previously stated, Walton allowed over eight months of the 1-year period of limitation to elapse un-tolled from the date that his judgment became final until he filed for post-conviction relief. Thus, he had only four months remaining of the limitations period. His post-conviction tolling period ended, at the latest, on January 16, 2015.  Walton filed the instant petition on February 26, 2016, allowing over a year to go un-tolled and unquestionably exceeding the AEDPA's one-year limitation period.

### B. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (internal quotations omitted).

To the extent that Walton asserts that the tardiness of his filing was through no fault of his own, such an assertion is without a factual or legal basis.  Walton was transferred from LSP to DWCC on July 28, 2014.  The Third Circuit did not rule on his PCR until December 17, 2014. Despite the opportunity to do so via his amended petition, Walton did not submit any documentation establishing that he notified the Third Circuit of his address change despite the elapse of over four and a half months from his transfer to the Third Circuit's denial.  In fact, the documents on file herein indicate that the Third Circuit's denial on PCR was sent twice,

unsuccessfully, to Walton at LSP.  Walton's apparent failure to keep the state appeals court apprised of his whereabouts underscores his lack of diligence and certainly does not show that he was actively misled by the defendant or prevented in some extraordinary way from asserting his rights.  Equitable tolling does not apply.

### III.
#### CONCLUSION

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).** Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal

may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 29 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE